United States District Court
Southern District of Texas
**ENTERED**
October 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MAURO CARDENAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-277 |
| § | |
| MARTIN TRANSPORTATION § | |
| SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

# ORDER

The Court now considers the motion to transfer venue,[1] filed by Martin Transportation Systems, Inc. ("Defendant"). After duly considering the record and relevant authorities, the Court **GRANTS** the motion to transfer.

### I. Background

Mauro Cardenas ("Plaintiff") alleges that he was involved in a November 2015 "motor vehicle collision with a tractor trailer rig driven by Dave M. Cvitanovich ("Mr. Cvitanovich")."[2] Plaintiff asserts that Mr. Cvitanovich—employed by Defendant as a truck driver—was acting in the course and scope of his employment at the time of the accident.[3] Plaintiff claims that Mr. Cvitanovich was negligent in his operation of the tractor trailer rig and that "he may have been fatigued or driving in violation of federal and state hours-of-service regulations."[4] Furthermore, Plaintiff contends that Defendant is vicariously liable for the negligence of Mr. Cvitanovich, and also negligent for both entrusting a tractor trailer rig to Mr. Cvitanovich "and in the qualification, hiring, training, supervision, and retention of [Mr.] Cvitanovich."[5] Defendant ultimately filed the instant motion to transfer venue.

---

[1] Dkt. No. 5.
[2] Dkt. No. 1, at ¶ 4.4.
[3] *Id.* at ¶¶ 4.2–4.4.
[4] *Id.* at ¶¶ 5.1, 5.5.
[5] *Id.* at ¶¶ 5.4, 5.6.

## II. Motion to Transfer

Motions to transfer venue are governed by 28 U.S.C. § 1406(a), which provides for the transfer of a case "laying venue in the wrong division or district."[6] Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"[7] Defendant argues that the event giving rise to Plaintiff's causes of action occurred in Nolan County, Texas, which falls within the jurisdiction of the Northern District of Texas, Abilene Division.[8] In response, Plaintiff argues without support that "28 U.S.C. § 1391(b)(2) is not controlling with regard to venue."[9] Plaintiff's only argument in response is that a transfer of this case would cause injustice upon him,[10] and as support, attaches an affidavit of his counsel, which declares that Plaintiff resides in McAllen, Texas, and additionally that the car and potential witnesses are also in McAllen.[11] Here, venue is not proper in the Southern District of Texas, McAllen Division as the accident occurred in Nolan County, and Plaintiff makes no argument that venue is currently proper pursuant to 28 U.S.C. § 1391(b)(1).

## III. Holding

For the foregoing reasons, the Court **GRANTS** the motion to transfer. The Court hereby **ORDERS** the case above-styled cause of action transferred to the Northern District of Texas, Abilene Division.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of October, 2017.

_____
Micaela Alvarez
United States District Judge

---

[6] 28 U.S.C. § 1406(a).
[7] *Id.* § 1391(b)(2).
[8] Dkt. No. 5, at ¶ 7.
[9] Dkt. No. 9, at ¶ 7.
[10] *Id.* at ¶ 8.
[11] Dkt. No. 9-1, at p. 1.